# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

HASSAN J. SAYLES                                                  PLAINTIFF

V.                          NO. 1:18CV00020 JLH/PSH

SOCIAL SECURITY ADMINISTRATION                        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Hassan J. Sayles, applied for disability benefits on August 13, 2015, alleging a disability onset date of July 14, 2015. (Tr. at 14). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Sayles' claim. (Tr. at 25). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Sayles has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Mr. Sayles had not engaged in substantial gainful activity since the alleged onset date of July 14, 2015. (Tr. at 16). At Step Two of the sequential five-step analysis,

the ALJ found that Mr. Sayles had the following severe impairments: history of partial amputation of left foot, ligament injury of left knee, and pelvic fracture (status post reconstructive surgery). *Id*.

The ALJ found that Mr. Sayles's impairment did not meet or equal a listed impairment. (Tr. at 17). Before proceeding to Step Four, the ALJ determined that Mr. Sayles had the residual functional capacity ("RFC") to perform work at the sedentary level, with some limitations. *Id*. He could only occasionally stoop, kneel, crouch, crawl, and balance. *Id*. He could not use foot controls on the left. *Id*.

The ALJ next found that Mr. Sayles had no past relevant work. (Tr. at 24). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Sayles's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, such as final assembler optical and call out operator. (Tr. at 25). Therefore, the ALJ found that Mr. Sayles was not disabled. *Id*.

### III. <u>Discussion</u>:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take

into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Mr. Sayles's Arguments on Appeal

Mr. Sayles contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ failed to fully develop the record by not ordering a consultative examination. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Sayles had a motorcycle accident in 2015. (Tr. at 24, 35, 194). He was treated for a pelvic fracture, partially amputated left foot, and ligament knee injury (Tr. at 19-20, 289, 334-335). After irrigation, debridement, and internal fixation procedures of the pelvis and sacrum, Mr. Sayles improved, and his pain was controlled by medication. (Tr. at 334-336). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). He was non-weight-bearing at the time of discharge, and inpatient rehabilitation was recommended. *Id*. He declined that care. *Id*.

In October 2015, Mr. Sayles followed up with a pain management specialist. (Tr. at 405). He had back, hip, pelvic, and left foot pain. *Id.* He was taking Oxycodone. *Id*. He was able to do

3

activities of daily living. (Tr. at 406). The ability to perform daily activities undermines Mr. Sayles' claim of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Mr. Sayles had no tenderness in his back but range of motion exercises were painful. (Tr. at 407). He was unable to do heel-toe walk but straight leg raise was negative. (Tr. at 407-408). Muscle strength and tone were normal. *Id*.

By November 2015, pain was stable and controlled with medication. (Tr. at 402-404). Mr. Sayles could perform activities with less pain. *Id*. He had no joint pain or swelling. *Id*. By December 2015, Mr. Sayles was walking without an assistive device and using a locking knee brace. (Tr. at 420).

At a March 2016 evaluation for knee surgery, Mr. Sayles was encouraged by the doctor to resume weight bearing walking and work on range of motion exercises. (Tr. at 427). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). He had left ankle and tendon surgery in April 2016. (Tr. at 428-431). Two weeks after surgery he was doing well with "excellent" surgical correction; he was again advised to stretch. (Tr. at 434). Improvement in strength and diminished pain supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Mr. Sayles' doctor noted that pain was controlled. *Id*. Stretching was encouraged. *Id.* In May 2016, Mr. Sayles was doing well and given a shoe insert to encourage weight bearing. (Tr. at 435). Mr. Sayles admitted to not stretching as much as was prescribed. *Id*. A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

By June 2016, Mr. Sayles was doing weight bearing activities. (Tr. at 436). His surgery

was well-healed and he had full range of motion in his knee. *Id*. He said he was doing well. *Id*. His doctor recommended an over the counter knee brace so he could walk better. *Id*. In July 2016, Mr. Sayles was walking well and happy with his progress. (Tr. at 437). He was in normal shoes, and he was again encouraged to stretch. *Id*.

At the time of the hearing, Mr. Sayles indicated he was only taking Ibuprofen for pain. (Tr. at 40). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). He said he did daily cleaning and cared for his kids. (Tr. at 62). He wasn't using an assistive device to walk but a brace was helping. (Tr. at 38, 51).

Two state-agency reviewing physicians found that Mr. Sayles was capable of light work. (Tr. at 88, 101). The ALJ weighed these recommendations against Mr. Sayles' testimony and limited him to sedentary work.

Mr. Sayles alleged disabling pain, but it appears that his problems were acute in nature, stemming from his motorcycle accident. After surgery, he improved, and medication controlled his pain. He did not always follow his doctor's advice, but still was able to return to weight bearing activity and wear normal shoes. He no longer requires narcotic medication. A little over a year after his accident, he was happy with his progress. Given the short-term nature of Mr. Sayles' injuries and his response to treatment, there was no need for the ALJ to order a consultative examination. An examination is required only if there is not sufficient medical evidence in the record to determine whether a claimant is disabled. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). There was no conflict in the medical evidence that suggested further development of the record was necessary.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Sayles was not disabled. The ALJ's decision was based on a fully developed record. The decision, therefore, should be affirmed. The case should be dismissed with prejudice.

IT IS SO ORDERED this 31st day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE